**Rueter v. Rueter**

514

*Dwight L. Danser*, for plaintiff.
*Lawrence J. Briody*, for defendant.

FRANCIOSA, *J.*, July 31, 1981—This is a divorce action in which an amended complaint was filed on March 25, 1981, alleging, inter alia, that the parties have been separated for more than three years and that the marriage is irretrievably broken. Defendant filed her answer to the amended complaint on June 4, 1981, admitting the above facts and requesting that a hearing be scheduled for determination of alimony, counsel fees, costs, and equitable distribution of marital property.

In an affidavit filed on July 1, 1981, defendant states that the marriage is not irretrievably broken.

Plaintiff has now presented us with a motion for a decree in divorce pursuant to section 201(d) of the Divorce Code of 1980. Defendant argues that, notwithstanding her answer to the amended complaint, her affidavit is sufficient to create an issue as to whether the marriage is irretrievably broken, thus triggering the provisions of section 201(d) of the Divorce Code.

That section states:

"It shall be lawful for the court to grant a divorce where . . . (ii) the respondent denies one or more of the allegations set forth in the affidavit, but after notice and *hearing,* the court determines that the parties have lived separate and apart for a period of at least three years and that the marriage is irretrievably broken." (Emphasis ours.)

Defendant further argues that the court should appoint a special master for a report and recommendation as to the divorce decree, counsel fees and costs, and permanent alimony.

On the other hand, plaintiff contends that bifur-

cation is appropriate because defendant's answer admitted that the marriage was irretrievably broken and that the parties have lived separate and apart for more than three years. He argues that a decree of divorce under section 201(d) is justified at this point in time, and that the other issues should be reversed for a later hearing.

Many jurisdictions allow bifurcation but restrict it to the discretion of the court as to whether it should be afforded the requesting party. See, e.g., Ill. Rev. Stat. 1977, ch. 40, sec. 403(e); N.Y. Domestic Relations Law, secs. 236-240; Hermsen v. Hermsen, 6 F.L.R. 2935 (Wash. Ct. App. 1980). Northampton County R.C.P. N1920.42 states, in pertinent part: "The Court, upon review, shall enter a decree in divorce, or refer any claims remaining at issue to a master." See also, Pa.R.C.P. 1920.52(c).

We are of the opinion that the legislative goals of the new Divorce Code can be accomplished only by a presumption that bifurcation of the divorce action from the economic issues is appropriate when the litigation may extend to a protracted period. See, e.g., Casey v. Casey, C. P. Allegheny Cty. (No. 485 Oct. term, 1980). However, this resolution would not be equitable in the present matter because of the extraordinarily restrictive financial position of the wife, Helen Rueter. Therefore, we refuse to enter the divorce decree at this time. Our reasoning is twofold: First, defendant is subsisting on a minimal amount of support, i.e., $93 a month, as ordered by the Domestic Relations Court. She has no real or personal property of any value. A decree declaring the parties divorced would abandon defendant with no visible means of assistance and cut her off from even the minimum support order.

Second, the estate is not so great as to encourage

plaintiff to stridfully settle the financial details of the property dispute. A prompt dissolution of the marriage combined with a lengthy delay in the property litigation could easily deprive defendant of what little bargaining power she now possesses.

We also feel that the record is presently insufficient to determine who should pay the costs for appointment of a special master. Because defendant has presented us with a motion to order plaintiff to bear the costs, the appropriate procedure is for defendant to proceed with a rule to show cause and to carry the burden of proof on this issue.

In light of the above, we make the following

## ORDER

And now, July 31, 1981, it is ordered, adjudged and decreed as follows:

1. Plaintiff's motion for a final decree in divorce is denied. However, the motion may be resubmitted after the filing of the special master's report.

2. Defendant's motion for appointment of a master is granted.

3. Robert C. Brown, Jr., Esq., previously appointed as master, is hereby reappointed as special master. It is further ordered that the $200 already deposited shall be credited toward the deposit necessary for the appointment of a special master.

The following issues are referred to the special master:

(a) equitable distribution of marital property; and

(b) permanent alimony.

However, the master need not inquire into the grounds of the divorce; and in that regard, we enter a finding on the pleadings in favor of plaintiff.

4. Defendant is directed to proceed by a rule to

show cause, with supporting depositions, on the issue of counsel fees and costs.

5. The special master shall not conduct any hearings until the rule is disposed of and the required deposit made.